

# NUMBER 13-17-00635-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSE JAIME RODRIGUEZ,                                                Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

## On appeal from the 92nd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION
**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

Appellant Jose Jaime Rodriguez was convicted of the offense of stalking, a third-

degree felony. *See* TEX. PENAL CODE ANN. § 42.072. Following a jury trial, Rodriguez

was sentenced to eight years' imprisonment in the Texas Department of Criminal Justice–

Institutional Division and assessed a $2,000 fine.

Testimony presented at trial showed that Benito Garza Jr., the complaining witness, and Rodriguez were neighbors. Rodriguez initially came to Garza, a member of the Pharr-San Juan-Alamo (PSJA) school board, in 2014 with a complaint that his son was being hazed by the school football program. Garza testified that he reported the complaint to the PSJA superintendent, and the school district conducted an investigation. Rodriguez's allegation was unsubstantiated by the investigation, so Garza then explained the next step, a grievance procedure, to Rodriguez. However, Rodriguez was not satisfied by the outcome of the grievance process and continued to send text messages, make repeated phone calls, and come to Garza's home without invitation. This behavior continued for years, and in 2016, Garza called the Pharr Police Department to file a report against Rodriguez. In his report, Garza stated that Rodriguez came to his home and was knocking on his door and windows, yelling at him to come outside. At one point during the incident, Rodriguez told Garza he was a "dead man walking."

Garza went to the Hidalgo County District Attorney's Office, who assisted him in applying for a permanent protective order against Rodriguez. An assistant district attorney explained the protective order procedure during trial. She stated that Garza was granted a temporary protective order (TPO), while they waited to have a final hearing to obtain a permanent protective order. Rodriguez continued to violate the TPO while awaiting the final hearing. In 2017, during the final hearing in the 430th District Court, Rodriguez and Garza agreed to a 26-year protective order. However, after the protective order was granted, Rodriguez continued to harass Garza by placing derogatory signs about Garza in Rodriguez's front yard.

2

Following a jury's verdict of guilty, during deliberation on punishment, Rodriguez moved for a mistrial. Rodriguez argued that although the jury was given instructions regarding his eligibility for probation, after further review, it was determined Rodriguez had a prior felony conviction and was, therefore, not eligible for probation. The State had submitted his prior judgment into evidence during the punishment phase of the trial. The trial court denied his request for mistrial and explained that the instructions regarding probation had been given to the jury, and the jury was not told that probation was not available for them to consider. The jury found that Rodriguez had a previous conviction and returned a verdict of imprisonment.

The trial court held a hearing on Rodriguez's motion for new trial, in which he argued that there was juror misconduct and that his trial counsel had been ineffective based on determining Rodriguez was ineligible for probation during punishment. The trial court denied his motion. Rodriguez was granted the right to appeal. Rodriguez's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, Rodriguez's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief

3

need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi-Edinburg 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State* and *Kelly v. State*, Rodriguez's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014). Rodriguez's appellate counsel also notified this Court that he: (1) notified Rodriguez that he has filed an *Anders* brief and a motion to withdraw; (2) provided Rodriguez with copies of both pleadings; (3) informed Rodriguez of his rights to file a pro se response,[1] review the record preparatory to filing that response, and seek discretionary review if we conclude that the appeal is frivolous; (4) provided Rodriguez with a copy of the appellate record; and (5) informed Rodriguez that the pro se response, if any, should identify for the Court those issues which he believes the Court should consider in deciding whether the case presents any meritorious issues. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Rodriguez has filed a pro se response.[2]

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether to case presents any meritorious issues." *See In re Schulman*, 252 S.W.3d 403, 407 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

[2] The State filed a "First Amended Motion to Strike *Pro Se* Brief of the Appellant" following Rodriguez's pro se response being filed. Due to the holding in this opinion, we deny the State's motion as moot.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief and pro se response, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988).    A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed.    After reviewing the entire record, it may:   (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel.    *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).    If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal.    *Id.*

We have reviewed the entire record, counsel's brief, and Rodriguez's pro se response, and we have found nothing that would arguably support an appeal.    *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.    There is no reversible error in the record.

## III.    MOTION TO WITHDRAW

In accordance with *Anders*, Rodriguez's attorney has asked this Court for permission to withdraw as counsel for appellant.    *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffrey v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he

5

must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Rodriguez and advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex Parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
11th day of July, 2019.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id* R. 68.3, and should comply with the requirements of the Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.